USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/8/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x    09 Cr. 360 (SHS)

LESTER MORRISON,                 :    12 Civ. 383 (SHS)

            Plaintiff,      :

     -against-               :    OPINION & ORDER

                               :

UNITED STATES OF AMERICA,      :

            Defendant.      :

-------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

     Lester Morrison has moved pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. That motion is meritless and is accordingly denied.

## I.   Background

     Lester Morrison pled guilty before Magistrate Judge Gabriel W. Gorenstein to conspiring to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371 and obstructing and impeding the due administration of the Internal Revenue Service laws in violation of 26 U.S.C. § 7212(a). After this Court accepted that guilty plea, it sentenced Morrison principally to seventy-two months' imprisonment. Morrison did not appeal from the conviction or the sentence.

     Morrison has now moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He identifies ten grounds to justify his request:

         1)   "The indictment failed to state a crime."

         2)   He was denied the right to argue his case and present witnesses.

         3)   His arraignment deprived him of judicial review of the indictment because he was arraigned before a "mere magistrate judge" and not an Article III judge.

4) He was deprived of a speedy trial.

5) He was "deprived of the right to confrontation . . . as no competent fact witnesses appeared and testified . . . ."

6) He was "deprived of substantive due process . . . as the 'business records' used by [the government] were not authenticated and certified trustworthy . . . ."

7) He was "deprived of confrontation" because the government considered certain tax returns in its prosecution of Morrison, but Morrison never had the opportunity to cross-examine a witness about those returns.

8) The government defrauded the Court by using as evidence tax returns signed by an "authorized agent" who was "fraudulently induced by the [IRS]" to sign the returns.

9) "The Court lacked jurisdiction for failure to give proper administrative review to the prospective prosecution . . . ."

10) The indictment was "insufficient" because it failed "to impeach the presumption of good faith" that protects tax filers from prosecution.

(Morrison's Motion at 13-15.)

None of Morrison's points justifies relief. First, Morrison waived these arguments in his plea agreement with the government. Second, Morrison improperly uses his Section 2255 motion as a substitute for an appeal. Third, Morrison's arguments fail on the merits. For those three reasons, the Court denies his motion.

## II. Discussion

### A. Morrison's plea agreement contains a waiver that bars his motion.

Morrison's plea agreement contained a specific waiver of the right to collaterally attack his sentence through a Section 2255 motion if he received a sentence below ninety-six months' imprisonment. Because Morrison received a sentence of seventy-two months, his plea agreement bars this motion.

Courts enforce waivers of appellate rights in order to preserve the effectiveness of the plea bargaining process. *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). Appeal waivers are set aside only in limited circumstances: when the defendant did not knowingly or voluntarily agree to the waiver; when the government breaches the plea agreement; when the court imposes sentence without enunciating any rationale for doing so; or when impermissible factors— such as racial or ethnic bias—undergird a court's decision. *See United States v. Gomez-Perez*, 215 F.3d 315, 319-20 (2d Cir. 2000); *United States v. Jacobson*, 15 F.3d 19, 22-23 (2d Cir. 1994).

Morrison has not articulated any basis for setting aside his waiver of the right to file a Section 2255 motion and the Court finds none in his papers. His motion describes no breach of the plea agreement, nor does it contend that the Court imposed a sentence based on improper animus. Importantly, the record of Morrison's plea amply demonstrates that he entered his guilty plea with full knowledge that he would lose certain appeal rights:

| | |
|---|---|
| The Court: | . . . . If you get a sentence of 96 months [or] less, you are giving up your right to complain about that sentence. Do you understand that, sir? |
| [Morrison]: | Yes. |

3

| | |
|---|---|
| The Court: | You cannot complain about it by way of appeal or writ of habeas corpus. Do you understand that, sir? |
| [Morrison]: | Yes, sir. |

(Tr. of plea before Magistrate Judge Gorenstein on August 12, 2010 ("Plea Tr.") at 13:3-11, Ex. 2 to United States' Mem. in Opp. to Morrison's Motion & Dkt. No. 88.) The record also demonstrates that Morrison entered into the agreement voluntarily. Morrison, represented by counsel, responded "Yes, sir" when asked if his plea was "voluntary" and "made of [his] own free will." (Plea Tr. at 13:18-20.)

Because Morrison knowingly and voluntarily waived his right to collaterally attack his sentence—and because he offers no basis to set aside that waiver—his Section 2255 motion may not proceed. *See Gomez-Perez*, 215 F.3d at 319.

**B.   Morrison's motion also fails because he improperly uses a Section 2255 motion as a substitute for a direct appeal.**

A Section 2255 motion "is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quotation marks omitted). Additionally, a defendant may not advance by Section 2255 motion claims that he failed to raise on direct appeal "unless he shows cause for the omission and prejudice resulting therefrom." *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997).

Morrison's motion runs afoul of those requirements. First, Morrison explicitly admits his Section 2255 motion is designed to substitute for an appeal: he states that he moves pursuant to Section 2255 because an appeal was "prohibited per plea agreement." (*E.g.*, Morrison's Motion at 4.) Second, Morrison does not even attempt to show any reason he did not appeal, other

4

than his admission that he waived his right to do so. The Court does not accept Morrison's voluntary waiver of his appeal rights as an excuse for failing to appeal directly. If it did so, such waivers would be meaningless.

### C. Morrison has not demonstrated any grounds that justify relief.

Apart from the two categorical failings of Morrison's motion, set forth above, his claims also fail on the merits. Morrison's ten-point attack on his sentence aims to persuade the court to "vacate void judgment for lack of subject-matter jurisdiction." (Morrison's Motion at 12.) But the Court had subject-matter jurisdiction over the action because the federal government was prosecuting Morrison for violating federal law. Additionally, to the extent that Morrison's jurisdictional argument relates to the authority of a magistrate judge to arraign him, the fact is that this Court—not a magistrate judge—arraigned him on S4 09 Cr. 360, the indictment to which he subsequently pled guilty. (Minute Entry dated April 23, 2010.)

Morrison's other asserted bases for relief—ranging from insufficiency of the evidence to denial of his right to confront witnesses to Speedy Trial Act violations—prove similarly invalid.

First, Morrison pled guilty to conspiring to file fraudulent federal income tax returns and also to filing false returns. Despite his protest now to the contrary, that conduct is proscribed by 18 U.S.C. § 371 and 26 U.S.C. § 7212(a). Moreover, the superseding indictment alleges that Morrison's conduct encompassed the elements of each offense. He pled guilty to a federal crime.

Second, by pleading guilty Morrison forfeited a challenge to the sufficiency of the evidence against him. *Hayle v. United States*, 815 F.2d 879, 882 (2d Cir. 1987). In any event, the evidence was sufficient: Morrison knowingly stipulated to the facts contained in the Probation Department's presentence report; those

5

facts suffice to establish that he conspired to defraud the IRS and obstructed its work. Additionally, whether certain documents the government might have offered at trial would have been properly authenticated has no bearing on the validity of Morrison's guilty plea.

Third, Morrison waived his right to confront witnesses by pleading guilty—and acknowledged that he was giving up that right during his plea colloquy with the magistrate judge. (Plea Tr. 9:13-20, Dkt. No. 88.)

Fourth, Morrison's Speedy Trial Act rights were not violated because the time between his arrest on December 18, 2009 and his plea on August 12, 2010 had been excluded from calculation under the Speedy Trial Act with the consent of his counsel. (*See* Minute Entry dated Dec. 18, 2009 (excluding time from Dec. 18, 2009 to Jan. 4, 2010); Minute Entry dated Jan. 4, 2010 (excluding time from Jan. 4, 2010 to March 1, 2010); Minute Entry dated March 1, 2010 (excluding time from March 1, 2010 to Aug. 2, 2010); Minute Entry dated July 15, 2010 (excluding time until September 13, 2010).) Nor can Morrison claim that he was denied his Sixth Amendment right to a speedy trial. Not only did he waive his right to trial, but Morrison pled guilty within nine months of being indicted. That time frame does not allow the Court to presume that Morrison suffered prejudice, and Morrison, who never asserted his speedy trial right and, in fact, consented to successive adjournments, has demonstrated none. *See United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) (applying four *Barker v. Wingo*, 407 U.S. 514 (1972) factors, (a) length of delay, (b) reason for delay, (c) past assertions of speedy trial right, and (d) prejudice).

In sum, Morrison, having pled guilty, cannot now complain that he did not proceed to trial. Morrison made an informed, voluntary choice to forego a trial and its procedural protections.

### III. Conclusion

As set forth above, Morrison's Section 2255 motion fails for three reasons. First, he waived his right to collaterally attack his sentence as part of his plea agreement. Second, he improperly substitutes a Section 2255 motion for a direct appeal. Third, his claims fail on the merits.

As Morrison has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Opinion and Order would not be taken in good faith.

Dated: New York, New York
      August 8, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.